IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WARREN FORD,

    Petitioner,

v.

ANTHONY HAYNES, Warden,

    Respondent.

CIVIL ACTION NO.: CV210-049

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Warren Ford ("Ford"), who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Ford filed a Traverse. For the reasons which follow, Ford's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Ford was convicted in the District Court for the Northern District of Georgia after a jury trial of two (2) counts of conspiracy to distribute drugs, in violation of 21 U.S.C. §§ 846 and 841, and possession of a firearm in relation to a drug offense, in violation of 18 U.S.C. § 924(c). Ford was sentenced to 320 months' imprisonment, and his sentence later was reduced to 260 months' imprisonment. Ford filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentences. United States v. Harris, 20 F.3d 445 (11th Cir. 1994). Ford filed a motion for relief pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), which the District Court for the Northern District of

Georgia denied. Ford filed a motion to set aside, vacate, or correct his conviction pursuant to 28 U.S.C. § 2255, which the District Court for the Northern District of Georgia also denied. Ford then filed, in the trial court, a motion for relief pursuant to Blakely v. Washington, 542 U.S. 296 (2004), as well as an application with the Eleventh Circuit to file a second or successive habeas petition based on Blakely. The Eleventh Circuit denied Ford's application, and the Northern District of Georgia court dismissed Ford's motion. Ford filed yet another section 2255 motion, which the District Court for the Northern District of Georgia denied. Ford has filed several petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241, all of which were unsuccessful. (Doc. No. 9, pp. 1-2).

In this petition, Ford asserts that the district court did not have subject matter jurisdiction during his second trial because he was not re-indicted. Ford also asserts that he was re-tried after being acquitted on all counts, in violation of his right against double jeopardy. Ford further asserts that he is being held unlawfully, in violation of his constitutional rights.

The Government asserts that Ford's petition should be dismissed because he has not received authorization to file a second or successive § 2255 motion and because he does not satisfy the savings clause of section 2255.

## DISCUSSION AND CITATION TO AUTHORITY

I.  **Savings Clause**

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those

instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Ford has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Ford ostensibly asserts that the remedy afforded by section 2255 is inadequate or ineffective because section 2241 is the "proper avenue to bring cause (sic) when being held unlawfully, in violation of the Constitution of the United States of America[.]" (Doc. No. 1, p. 4).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three

3

courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Ford fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because the Eleventh Circuit and the Northern District of Georgia courts denied or dismissed Ford's claims brought pursuant to § 2255 does not mean that statute's remedy is inadequate or ineffective. Ford has not satisfied the requirements of § 2255's savings clause, and thus, cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean v.

McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

Ford cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Ford is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## II. Second or Successive Motion

To the extent Ford's petition can be construed as being filed pursuant to § 2255, his petition is subject to dismissal under that statute, as well. To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). Without authorization from the court of appeals, a district court lacks jurisdiction to consider a

AO 72A
(Rev. 8/82)

movant's second or successive motion. Farris, 333 F.3d at 1216 (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

Ford did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over a section 2255 motion. However, even if the Eleventh Circuit authorized his motion, it does not appear that Ford would be entitled to his requested relief. Ford has not set forth any assertions which fall within § 2255(h)'s requirements.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Ford's petition for application of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 30th day of August, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE